IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GORDON ALLEN,                                    06-CV-285-BR

       Plaintiff,                             OPINION AND ORDER

v.

OREGON HEALTH SCIENCES UNIVERSITY,
an Oregon public corporation;
ANNA SESTRICH, individually,
and in her official capacity as
Human Resources Director; and
RICK BENTZINGER, individually,
and in his official capacity as
Vice President of Human Resources,

       Defendants.

1 - OPINION AND ORDER

**RICHARD C. BUSSE**
**MATTHEW B. DUCKWORTH**
Busse & Hunt
621 S.W. Morrison Street, Suite #521
Portland, OR 97205
(503) 248-0504

            Attorneys for Plaintiff

**DANIEL H. SKERRITT**
**SONJA LENEICE HENNING**
Tonkon Torp, LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204-2099
(503) 802-2024

            Attorneys for Defendants


**BROWN, Judge.**

        This matter comes before the Court on Defendants' Motion to
Dismiss (#7) Plaintiff's Second Claim for failure to state a
claim upon which relief can be granted pursuant to Fed. R. Civ.
P. 12(b)(6).  Defendants contend Plaintiff's Second Claim for
common-law wrongful discharge should be dismissed in its entirety
because Plaintiff has an adequate statutory remedy under his 42
U.S.C. § 1983 claim (First Claim).

        Pursuant to Local Rule 7.1, the parties conferred before
Defendants filed this Motion.  At that time Plaintiff agreed,
among other things, to withdraw the wrongful-discharge claim
against the individual Defendants, Sestrich and Bentzinger.
Thus, even though all Defendants filed this Motion to Dismiss,
including Defendants Sestrich and Bentzinger, Plaintiff's

2 - OPINION AND ORDER

wrongful-discharge claim now is brought against only Defendant Oregon Health Sciences University (OHSU).

The Court heard oral argument regarding OHSU's Motion on May 26, 2006.  After oral argument, OHSU requested the Court to permit further briefing in light of *Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006), a recent United States Supreme Court case. The Court granted OHSU's request for supplemental briefing as to the limited issue of the effect of *Garcetti*, if any, on OHSU's Motion to Dismiss Plaintiff's wrongful-discharge claim.

For the following reasons, the Court **DENIES** OHSU's Motion to Dismiss.


## BACKGROUND

On February 3, 2006, Plaintiff Gordon Allen filed a complaint in Multnomah County Circuit Court against OHSU, his former employer; Anna Sestrich, his supervisor and OHSU Human Resources Director; and Rick Bentzinger, his supervisor and OHSU Vice President of Human Resources.  Defendants removed the matter to this Court on March 1, 2006.

In his Complaint, Plaintiff contends he was wrongfully terminated by OHSU when he reported to Sestrich and Bentzinger that OHSU had failed to make timely and accurate contributions to employee retirement plans.  Plaintiff asserts Defendants violated his rights under (1) the First Amendment pursuant to 42 U.S.C.

3 - OPINION AND ORDER

§ 1983; (2) the Oregon Whistleblower Act, Or. Rev. Stat.
§ 659A.203; and (3) Oregon common law defining the tort of
wrongful discharge.  In particular, Plaintiff alleges the
following:  Plaintiff was employed by OHSU for approximately
twenty years in the positions of Benefits and Compensation
Manager from 1986 to 1989; as Benefits Manager from 1989 until
March 9, 2004; and Retirement Programs Manager until his
termination on January 31, 2006.  Before his termination,
Plaintiff repeatedly exercised his First Amendment rights by
expressing his concerns that OHSU was not in compliance with
Oregon pension laws and regulations because it failed to make
timely and accurate contributions on behalf of its employees to
the Oregon Public Employees' Retirement System (PERS) and to the
University Pension Plan (UPP).  Plaintiff expressed his concerns
to Sestrich and Bentzinger as well as to high-level managers at
OHSU.  Plaintiff also complained Defendants were not taking his
concerns or their legal obligations to comply with the law
seriously.  Plaintiff alleges Defendants terminated him in
retaliation for his complaints.


## STANDARDS

    Dismissal under Fed. R. Civ. P. 12(b)(6) "for failure to
state a claim is proper 'only if it is clear that no relief could
be granted under any set of facts that could be proved consistent

4 - OPINION AND ORDER

with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).


## DISCUSSION

OHSU contends Plaintiff is foreclosed from pursuing his state common-law wrongful-discharge claim because his § 1983 claim arises from the same facts as his wrongful-discharge claim and § 1983 provides Plaintiff with an adequate remedy.  On the other hand, Plaintiff argues the Court should not dismiss his wrongful-discharge claim because the burdens of proof to access any remedy under § 1983 against a public employer such as OHSU are substantially different than the burdens of proof to recover against the same employer under Oregon common law.  As a result

5 - OPINION AND ORDER

of these differences, Plaintiff argues there may not be any remedies available to him under § 1983, and, therefore, Plaintiff should not be precluded from pursuing a wrongful-discharge claim.

**1.   Common-Law Wrongful Discharge Generally**

Under Oregon law, an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement. *Patton v. J.C.D. Penney Co.*, 301 Or. 117, 120 (1986). The tort of wrongful discharge is a narrow exception to this general rule. *See Sheets v. Knight*, 308 Or. 220, 230-31 (1989).

The tort of wrongful discharge, however, is not available in Oregon if an existing remedy adequately protects the public interest in question. *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998). "The underlying purpose of that tort in this state is not to vindicate individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." *Id.* at 1130. In other words, the tort was never intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question was unacceptable and no other remedy was available. *Id.* Thus, the court in *Draper* concluded a claim for common-law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects

6 - OPINION AND ORDER

the public interest in question or (2) the legislature has
intentionally abrogated the common-law remedies by establishing
an exclusive remedy regardless whether the courts perceive that
remedy to be adequate. *Id.* at 1130-31.

**2.   Wrongful Discharge versus § 1983**

In determining whether the plaintiff may pursue both a
common-law claim for wrongful discharge and a § 1983 claim
arising from the same facts, "the question is not whether the
existing remedy [under § 1983] is 'the best possible remedy' or
'identical to the tort remedy' but merely whether it is
sufficient to 'adequately protect the employment related right.'"
*Draper*, 995 F. Supp. at 1134.  Analyzing that question, several
judges in this court have concluded that § 1983 generally
provides an adequate remedy to protect the public interest in
certain employment-related rights of a public employee and,
accordingly, have dismissed plaintiffs' wrongful-discharge claims
in those cases on summary judgment or in response to motions to
dismiss. *See, e.g.*, *Baynton v. Wyatt*, 411 F. Supp. 2d 1223
(D. Or. 2006); *Carlton v. Marion County*, No. CV03-6202-AA, 2004
WL 1442598 (D. Or. Feb. 19, 2002); *Minter v. Multnomah County*,
No. CIV-01-352-ST, 2002 WL 31496404 (D. Or. May 10, 2002); Draper
v. *Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122 (D. Or. 1998).

Even in *Draper*, however, the court noted there are
circumstances when a claim under § 1983 might not provide an

7 - OPINION AND ORDER

adequate remedy to a public employee:

> A § 1983 claim will not always provide a remedy
> adequate to preclude an action for wrongful discharge.
> For instance, a § 1983 claim ordinarily is unavailable
> against private employers.  It is also subject to
> unique defenses, such as qualified immunity.

*Draper*, 995. F. Supp. at 1130-31.  Thus, when a § 1983 remedy is
not available as a matter of law, this Court has concluded a
plaintiff may pursue a wrongful-discharge claim.  *See Dier v.
City of Hillsboro*, No. CV02-24-BR, 2004 WL 1243845 (D. Or.
Mar. 18, 2004).

In evaluating the availability and adequacy of a pubic
employee's remedies under § 1983, the Court notes there can be
substantial differences between the elements a plaintiff must
prove to establish a public employer's liability under § 1983 and
the elements a plaintiff must show to prove a wrongful-discharge
claim against the same employer arising from the same facts.  In
certain circumstances, these differences can mean a § 1983 remedy
is not available as a matter of law.

For example, the doctrine of *respondeat superior* applies to
the tort of wrongful discharge and, accordingly, an employer can
be liable for wrongful discharge based on an employee's unlawful
acts within the scope of his employment.  *Carlson v. Crater Lake
Lumber Co.*, 105 Or. App. 314, 316 (1991).  In other words, proof
of negligence or other direct tortious conduct by the employer
itself is not required.  *Id.*

8 - OPINION AND ORDER

On the other hand, a public employer can be held liable under § 1983 only when "action pursuant to official municipal policy of some nature caused a constitutional tort" rather than on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978). "The 'official policy' requirement 'was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality,' and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986)(emphasis in original). There are several ways to establish § 1983 liability against a public body pursuant to *Monell*. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999), *cert. denied*, 528 U.S. 928 (1999). One way is to show the claim arises from a custom, policy, or practice of the public entity that was the moving force behind the violation. *Monell*, 436 U.S. at 694.

In any event, to prove a public employer is liable under § 1983, a plaintiff always must show more than is required to prove vicarious liability under state law because a plaintiff must also prove some basis of direct or independent liability of the employer. It follows that a plaintiff who is not able to establish any basis of direct liability against a public employer never will have any available remedy under § 1983 even if the same plaintiff is able to prove the employer is vicariously

9 - OPINION AND ORDER

liable for conduct alleged to have caused a wrongful discharge
under Oregon law.

**3.    Analysis**

In this case, Plaintiff concedes § 1983 provides remedies
that, when available, are similar to those of Oregon's common-law
wrongful-discharge tort.  The question here, however, is whether
§ 1983 permits Plaintiff to access such remedies in light of the
additional elements of proof that Plaintiff must satisfy to
establish § 1983 liability against OHSU.

As part of the *Draper* court's analysis as to whether the
plaintiff's § 1983 claim provided the plaintiff with an adequate
remedy and, therefore, precluded her wrongful-discharge claim,
the court examined the similarity between the elements needed to
prove the two claims.  *Draper*, 995 F. Supp. at 1131-32.  In
*Draper*, the court found the elements required to prove the
plaintiff's *prima facie* case for her § 1983 claim and her
wrongful-discharge claim were "substantially similar."  *Id*.  In
reaching that conclusion, however, the court did not address
*Monell* and the additional burden of proof a plaintiff must meet
to establish a § 1983 claim against a public employer.  In
addition, although the *Draper* court pointed to the fact that the
plaintiff would not be able to prevail on her wrongful-discharge
claim if she could not prevail on her § 1983 claim, *id*., this
Court notes the converse is not always true.  Indeed, after

10 - OPINION AND ORDER

evaluating these different burdens of proof in the context of this action, the Court concludes the proof required for Plaintiff's *respondeat superior* wrongful-discharge claim is substantially different than the proof required for his direct-liability § 1983 claim against OHSU.

In any event, Plaintiff contends it would be premature at this stage of the litigation for the Court to decide this issue because it is unknown at this time whether Plaintiff will be able to meet the direct-liability proof requirements under § 1983. The Court notes Plaintiff's Complaint gives general notice of his theories of recovery as required by Fed. R. Civ. P. 8(a), but it is unclear from the Complaint which theories of *Monell* liability he intends to pursue against OHSU.  Moreover, although Plaintiff may not be able to establish OHSU's direct liability under § 1983, he, nonetheless, may be able to prove OHSU is liable under the *respondeat superior* standard applicable to his common-law claim.  Thus, if the Court dismisses Plaintiff's state wrongful-discharge claim before Plaintiff has a fair opportunity to pursue his § 1983 claim against OHSU, the Court's ruling may have the unintended effect of dismissing Plaintiff's only potentially viable remedy.  As the court explained in *Draper*, the intent of the wrongful-discharge tort is to provide a plaintiff with the means to protect important public interests when there are not any other adequate remedies available.  *Id*. at 1130.

11 - OPINION AND ORDER

Here Plaintiff should be permitted to pursue this case beyond initial motion practice because the interests Plaintiff seeks to vindicate are sufficiently important.

**4.    *Garcetti v. Ceballos***

As noted, the Court granted OHSU's request for supplemental briefing in light of *Garcetti*, a recent United States Supreme Court case.  The Court, however, granted OHSU's request only as to the limited issue of the effect of *Garcetti* on OHSU's pending Motion to Dismiss Plaintiff's wrongful-discharge claim.

In *Garcetti*, the Supreme Court held that when an employee speaks as a citizen on a matter of public concern that is not part of his job duties, the First Amendment requires a delicate balancing of the competing interests surrounding the speech and its consequences. *Garcetti*, 126 S. Ct. at 1961.  Based on *Garcetti*, OHSU contends Plaintiff's speech was part of his job duties and, therefore, is not protected under the First Amendment.  OHSU's argument, however, goes beyond the scope of its pending Motion to Dismiss in which it seeks dismissal of Plaintiff's wrongful-discharge claim on the ground that Plaintiff's § 1983 claim provides Plaintiff with an adequate remedy.  In reality, if the Court dismissed Plaintiff's § 1983 claim on the basis of *Garcetti*, OHSU's argument that Plaintiff's § 1983 claim provides Plaintiff with an adequate remedy necessarily would fail.  *See Dier v. City of Hillsboro*,

No. CV02-24-BR, 2004 WL 1243845 (D. Or. Mar. 18, 2004).  Thus, *Garcetti* actually provides another basis to deny OHSU's Motion to Dismiss the wrongful-discharge claim at this stage.  In any event, although the Court allowed additional briefing in light of the *Garcetti* ruling, the Court did not permit what is, in effect, the filing of a new motion to dismiss against a different claim.

In summary, the Court concludes dismissal of Plaintiff's wrongful-discharge claim based merely on the possibility that Plaintiff's alternative, direct-liability § 1983 claim will provide an adequate remedy is inappropriate at this early stage of the litigation.  Accordingly, the Court denies Defendant's Motion to Dismiss.

<u>**CONCLUSION**</u>

For these reasons, the Court **DENIES** OHSU's Motion to Dismiss (#7) Plaintiff's wrongful-discharge claim against OHSU on the basis that the Court does not find "beyond a doubt" at this early stage of the litigation that Plaintiff's alternative § 1983 claim will provide an adequate remedy against OHSU.

IT IS SO ORDERED.

DATED this 4th day of August, 2006.


/s/ Anna J. Brown

_____

ANNA J. BROWN

13 - OPINION AND ORDER

United States District Judge

14 - OPINION AND ORDER